IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01830-CYC

JOAV KOHN,

    Plaintiff/Counter Defendant,

v.

RIEDER NORAM INC. d/b/a Rieder North America,

    Defendant/Cross Claimant/Counter Claimant/Counter Defendant,

v.

PAUL INGE CUSTOM BUILDING, LLC,

    Cross Defendant/Counter Claimant.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    This matter is before the Court on Plaintiff/Counterclaim Defendant Joav Kohn and Cross-Claim Defendant and Counter Claimant Paul Inge Custom Building, LLC's Amended Motion to Exclude or Strike the Expert Testimony of Andrew Lonergan, ECF No. 92, which seeks to exclude certain expert testimony pursuant to Fed. R. Evid. 702.

### DUTY TO CONFER

    As the parties are aware, D.C.COLO.LCivR 7.1(a) requires "counsel for the moving party . . . [to] confer or make reasonable, good faith efforts to confer with any opposing counsel . . . to resolve any disputed matter" before filing a motion. The rule requires the moving party to "describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." D.C.COLO.LCivR 7.1(a). The requirement that counsel attempt "to resolve any disputed matter" means that counsel must engage in "meaningful negotiations." *See Hoelzel v.*

*First Select Corp.*, 214 F.R.D. 634, 635–36 (D. Colo. 2003) (stating that Rule 7.1(a) "is not satisfied by one party sending a single e-mail[, letter, or voice message] to another party" particularly where the communication "does not suggest any negotiation or compromise"). Rule 7.1(a) is not satisfied when the parties do not engage with each other on the topic in dispute. "Rather, to satisfy the requirements of Rule 7.1[(a)], the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate." *Id*. at 636; D.C.COLO.MJ V.1 ("[S]uch 'good faith efforts' generally require meeting either face to face, over video conference, or by telephone, and not solely through email or written correspondence."). "Failure to comply may result in the motion being stricken or denied." D.C.COLO.MJ V.1.

> The motion states:
>
> Counsel for Plaintiffs attempted to confer with counsel for Rieder via email and telephone on the issues raised in this motion. Plaintiffs' attempts were unsuccessful. Plaintiffs, therefore, assume Rieder opposes the relief requested herein.

ECF No. 92 at 4. This does not meet Rule 7.1(a)'s requirements to describe "the specific efforts to fulfill this duty," but more importantly it appears to inform the Court that counsel complied with the rule when counsel did not. According to counsel for the defendants, counsel for the moving parties attempted to contact opposing counsel "after 4:15PM MT on the motion filing date . . . to 'confer' regarding the relief requested in this Motion. However, based on the Plaintiffs' timing of the attempted conferral, counsel for the parties were unable to connect in advance of Plaintiffs' filing of its Amended Motion at 5:27PM MT." ECF No. 99 at 2 n.1. This does not satisfy Rule 7.1(a)'s conferral requirement.

While movants may consider this rule simply a formality, it serves an important purpose. It "is imposed in the hope that the parties' good faith discussions will either resolve completely or substantially narrow the dispute without the need for judicial intervention." *Lyall v. City of Denver*, No. 16-cv-02155-WJM-CBS, 2016 WL 7176716, at *2 (D. Colo. Sept. 28, 2016). Asking the Court to "[r]esolv[e] disputes that the parties themselves could have resolved, needlessly expends resources that could better be utilize[d] elsewhere." *Coumerilh v. Tricam Indus., Inc.*, No. 05-cv-02510-MEH-CBS, 2007 WL 437620, at *5 (D. Colo. Feb. 5, 2007). Spending limited court resources considering issues the parties have not even attempted to resolve through conferral wastes the Court's time.

Failure to comply with the duty to confer under Local Rule 7.1(a) is sufficient grounds, standing alone, on which to deny a motion. D.C.COLO.MJ V.1; *see, e.g., Allen v. Wal-Mart Stores, Inc.*, No. 19-cv-03594-KLM, 2021 WL 4133914, at *3 (D. Colo. Sept. 10, 2021) (denying motion for sanctions under Rule 37 for failure to confer); *Ordonez v. Marriott Int'l*, No. 20-cv-00541-REB-KLM, 2020 WL 9432907 (D. Colo. June 25, 2020) (denying motion to amend the complaint for failure to confer); *Lyall*, 2016 WL 7176716, at *2 (denying Fed. R. Evid. 502(d) motion without prejudice for failure to confer); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2014 WL 4056578, at *2 (D. Colo. Aug. 14, 2014) (teaching that "violation of Local Rule 7.1(a) constitutes an independent basis to deny [a] motion"); *see also Coumerilh*, 2007 WL 437620, at *5 (D. Colo. Feb. 5, 2007) (ruling on motions to exclude expert testimony despite the failure to confer but imposing monetary sanctions on the filing party). The Tenth Circuit Court of Appeals has routinely affirmed the trial court's denial of a motion based solely on the moving party's failure to comply with a local rule. *See, e.g., Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011). Here, the Court will not

deny the motion on the merits, though it could. Instead, it will deny the motion without prejudice so that the parties can attempt to resolve the issues in dispute through conferral, but the movants may still challenge Mr. Lonergan's testimony if the issues are not resolved.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff/Counterclaim Defendant Joav Kohn and Cross-Claim Defendant and Counter Claimant Paul Inge Custom Building, LLC's Amended Motion to Exclude or Strike the Expert Testimony of Andrew Lonergan, ECF No. 92, is **DENIED without prejudice** for failure to comply with D.C.COLO.LCivR 7.1(a) and D.C.COLO.MJ V.1. If, after conferral with opposing counsel on the substance of the dispute, movants still seek to strike any portion of Mr. Lonergan's testimony, they must file that motion **on or before October 2, 2025**.

Entered this 18th day of September, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge